

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| YONG LE XUE, XING LONG LUO, and YONG JUN FU, Individually, And On Behalf Of All Other Employees Similarly Situated,<br>　　　　Plaintiffs,<br><br>vs.<br><br>J&B SPARTANBURG LLC d/b/a/ RED BOWL ASIAN BISTRO; WAI LEUNG SIM; ZHI JIE SHAO; JIN HUA ZHENG; HONG GANG BAI; BI YUN ZHENG; JOHN DOE; and JANE DOE # 1-10,<br>　　　　Defendants. | § § § § § § § § § § § § § § §  CIVIL ACTION NO. 7:16-00340-MGL |

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANTS' MOTION TO DISMISS

**I.     INTRODUCTION**

This case was filed pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10.  The Court has jurisdiction over the matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Pending before the Court is Defendants J&B Spartanburg LLC, Wai Leung Sim, Zhi Jie Shao, Hong Gang Bai, and Bi Yun Zheng's motion to dismiss Plaintiffs' claims under the SCPWA seeking overtime compensation and/or minimum wage by way of Federal Rule of Civil Procedure 12(b)(6).  ECF No. 22.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendants' motion to dismiss will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed this case on February 4, 2016, as a Collective Action under the FLSA and as a Rule 23 class action for violations of the SCPWA.  ECF No. 25 at 1; ECF No. 19 ¶¶ 73-77, 79-89. On April 15, 2016, Defendants filed their motion to dismiss Plaintiffs' SCPWA claims.  ECF No. 22.  Plaintiffs filed a response in opposition on May 2, 2016, ECF No. 25, and Defendants filed a reply on May 12, 2016, ECF No. 30.  The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

## III.    CONTENTIONS OF THE PARTIES

In their motion to dismiss, Defendants contend that the damages underlying both Plaintiffs' FLSA and SCPWA claims "are based exclusively on allegations of unpaid overtime compensation." ECF No. 22 at 2 (internal quotation marks omitted).  Citing a number of cases from this District, Defendants propound that Plaintiffs' SCPWA claims are entirely preempted by the FLSA because the basis for the SCPWA claims is allegedly a failure to pay overtime compensation.  *Id.*  Stated differently according to Defendants, because "all of the alleged damages Plaintiffs are seeking in this action stem from allegations that Plaintiffs were entitled to overtime pay for hours worked in excess of 40 per workweek," Plaintiffs' SCPWA claims should be dismissed because they are preempted by the FLSA.  *Id.* at 3.

Plaintiffs respond by advancing that the SCPWA claims are not subject to preemption because the SCPWA "both creates rights and means of enforcing the rights that are distinctive and unique and provides additional relief not available under the" FLSA.  ECF No. 25 at 1.  Plaintiffs aver that they are "seeking redress for Defendants' failure to honor their agreement to pay wages

based on an agreed up[o]n rate of pay that is in excess of federal minimum wage, as well as Defendants' failure to pay all wages when due." *Id.* at 3. Plaintiffs further declare that the SCPWA provides different remedies than the FLSA for an employer's failure to pay wages, such as the employee's recovery for three times the amount owed, plus costs and reasonable attorney's fees. *Id.* at 5. As to Plaintiffs' assertion that the SCPWA "provides additional relief not available under the" FLSA, *id.* at 1, Plaintiffs note that they are seeking relief for Defendants' failure to provide Plaintiffs with the proper notice at the time of hiring, a timely written notice of any changes in their terms of employment, and wage statements for each pay period, *id.* at 5-6. Plaintiffs posit that these additional SCPWA claims cannot be preempted by the FLSA because they are not contained therein. *Id.* at 6.

## IV.  DISCUSSION AND ANALYSIS

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent that "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption

that all the allegations in the complaint are true, even if doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Defendants avouch that Plaintiffs "leave[] no doubt that the only damages they are seeking in connection with their claim under the SCPWA are tied to Defendants' alleged failure to pay overtime." ECF No. 30 at 2. Consequently, Defendants urge that Plaintiffs' SCPWA claims are preempted entirely by the FLSA because allegedly all the damages Plaintiffs seek under the SCPWA arise from the payment of overtime issue. *Id.* at 3.

Nevertheless, Defendants are mistaken. The Fourth Circuit Court of Appeals has held that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates," and state law claims are "preempted by the FLSA where those claims . . . merely duplicate[] FLSA claims." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). However, the FLSA provides a floor for minimum wage and overtime and contains a savings clause stating that

> [n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum work week established under this chapter.

29 U.S.C. § 218(a). Accordingly, the FLSA does not prevent states from creating a parallel regulatory scheme that provides additional protections for employees. *See id.* Moreover, claims that are "separate and distinct" from a plaintiff's FLSA claims are not preempted by the FLSA. *See, e.g.*, *Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 820 (E.D.N.C. 2008) (applying this analysis to a claim alleging violation of the North Carolina Wage and Hour Act); *Anderson*, 508 F.3d at 194 (preempting state law claims only where they state a claim under the FLSA).

Here, the SCPWA both creates a right and a means of enforcing that right that provides additional remedies not available under the FLSA, such as the employee's recovery for three times

the amount owed, plus costs and reasonable attorney's fees.  S.C. Code Ann. § 41-10-80. Furthermore, Plaintiffs' SCPWA claims are separate and distinct from their FLSA claim because they are seeking unpaid overtime wage payments that are based upon an agreed-upon hourly rate, pursuant to their fixed monthly salary, which is higher than the federal minimum wage rate.  ECF No. 25 at 4; ECF No. 19 ¶¶ 31-33, 38, 43.  Moreover, several of Plaintiffs' SCPWA claims are unrelated to their overtime wage claims, specifically their allegations of Defendants' failure to provide Plaintiffs with the proper notice at the time of hiring, a timely written notice of any changes in their terms of employment, and wage statements for each pay period.  ECF No. 19 ¶¶ 46-48; *see* S.C. Code Ann. § 41-10-30.

Ultimately, Plaintiffs will be unable to recover twice for the same injury, but they may be entitled to the additional types of relief afforded by the SCPWA.  *See, e.g.*, *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 672 (D. Md. 2011) (conducting a similar analysis under the Maryland Wage and Hour Law).  Because the SCPWA is broader than the FLSA in that it is not limited to controversies involving minimum wage and overtime but applies to all wages due, and because Plaintiffs' SCPWA claims are separate and distinct from Plaintiffs' FLSA claims, they are not preempted by the FLSA.  Consequently, the Court concludes that Defendants' motion to dismiss will be denied.

**V.    CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Signed this 26th day of May, 2016, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE